FILED
JAN 13 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | |
|---|---|
| **DAVID WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) **No. Civil** 06-405-JLF |
| | ) |
| **v.** | ) |
| | ) **JURY DEMAND** |
| **WILLIAMSON COUNTY SHERIFF'S DEPARTMENT, JAMES WEBB, CITY OF HERRIN POLICE DEPARTMENT, & WILLIAMSON COUNTY** | ) |
| | ) |
| **Defendants** | ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff, David Williams, by and through his attorney, Hugh Richard Williams, complaining of the Defendants herein, demands a jury trial and respectfully sets forth and alleges, upon information and belief as follows:

## I. PRELIMINARY STATEMENT

This lawsuit involves a willful and wanton battery received by Plaintiff, while he was in custody, handcuffed in the back of a Williamson County squad car by Sgt. James Webb, a law enforcement officer operating under the color of state law.

The Plaintiff was refused medical treatment after the battery and was held incommunicado at the Williamson County Jail. There is also a conspiracy between various officers

in both the Herrin Police Department and Williams County Sheriffs Offices to conceal these events.

Federal and State laws prohibit the use of excessive force. Plaintiff's basis for making the conspiracy allegation is based on the fact that officers from both the Herrin Police Department and the Williamson County Sheriff's Department were present when the events occurred and did nothing to stop the beating or report the officer who was responsible for the beating.

Plaintiff's 4th, 5th, 6th, 8th ,and 14th Amendments of the United States Constitution were violated by the conduct of the Defendant's, thus violating Plaintiff's civil rights and being in violation of 42 U.S.C Section 1983, 42 U.S.C. Section 1985, as well as the torts of Assault and Battery.

## II. JURISDICTION

Jurisdiction is founded on the existence of a Federal Question. This action arises under 42 U.S.C 1983(Civil Action for Deprivation of Rights) and 42 U.S.C. 1985(3) (Conspiracy to Interfere with Civil Rights. This Court also has jurisdiction over Count 6 (Battery), Count 7 (Battery), Count 8 Assault), Count 9 (Assault), Count 10 (Vicarious Liability), Count 11 (Vicarious Liability), and Count 12 (Vicarious Liability) under pendent jurisdiction. Count 6, Count 7, Count 8, Count 9, Count 10, Count 11,

and Count 12 arise from the same set of circumstances and occurrences as Count 1, Count 2, Count 3, Count 4, Count 5, and Count 6 arise from (28 U.S.C. Section 1367(a)).

**III. VENUE**

Venue is proper in this United States District Court for the Southern District of Illinois under 28 U.S.C. Section 1391 (b)(1) as this action arises under the laws of the United States and each Defendant resides within the State of Illinois and within the Southern District of Illinois. Moreover, all of the events giving rise to the claims occurred within the Southern District of Illinois (28 U.S.C. Section 1391 (b) (2)).

**IV. FACTS SUPPORTING PLAINTIFF'S CLAIMS**

1. On or about April 14, 2005, Defendant James Bell, acting under color of state law as a Sergeant in the Williamson County Sheriff's Department, Illinois, stopped the automobile in which Plaintiff was riding.
2. According to information found on the tickets issued, the stop occurred at the corner of 7th and Polk in Herrin Illinois.
3. The reason given for the traffic was that the "automobile had temporary Indiana license plates."
4. The driver of the car, Victor Reynolds, was placed under arrest and taken back to a squad car.

5. Police thereafter found two empty beer cans, a partially drunk whiskey bottle, and found "drug paraphernalia" which upon knowledge and belief was a crack pipe.

6. Sergeant Webb of the Williamson County Sheriff's office was the supervisory officer at the stop.

7. During the course of the traffic stop a number of squad cars from both City of Herrin and the Williamson County Sheriff's office had gathered.

8. Sergeant Webb asked who owned the drug paraphernalia and when no one responded he placed all four occupants under arrest for Possession of Drug Paraphernalia.

9. Plaintiff was then placed under arrest, handcuffed from behind and led to the squad car where he was placed with Victor Reynolds, the driver of the automobile at the time of the stop.

10. Plaintiff began yelling at Sargent Webb, telling him that it was wrong that he was arrested and that he wished to explain what was going on.

11. Sergeant Webb responded by walking to the squad car the Plaintiff was sitting in, grabbing him by the neck, and in the process strangling him.

12. Once Sergeant Webb got the Plaintiff out of the car, he continued to choke him; body slammed him twice,

bounced his head off the squad car twice, and threatened to kill the Plaintiff.

13. Plaintiff passed out from the attack and later awoke face down on the floor of the squad car in which Mr. Reynolds was also seated.

14. Plaintiff then asked for medical attention, specifically that he asked to be taken to the hospital. Medical attention was refused.

15. Plaintiff was placed in the "Drunk Tank" of the Williamson County Jail, which had only had a single broken telephone in it.

16. As a result, Plaintiff was not able to contact his attorney, a doctor, or someone to bond him out.

17. Plaintiff was cited for Possession of Drug Paraphernalia, Resisting Arrest, and Illegal Transportation of Alcohol.

18. Plaintiff was informed on April 15, 2005, that the charges of Resisting Arrest and Possession of Drug Paraphernalia were dropped.

19. Plaintiff was released from jail on April 15, 2005 on or about 10:00 AM. Plaintiff received a ride from jail from Pat and Andrea Overton to the Shell Gas Station on the corner of Herrin and Main Street in Herrin, Illinois.

20. Plaintiff was not feeling well and went to Smoking Joe's BBQ, located in Herrin, where he asked Betty King, the wife of the owner of the Smoking Joe's to call 911.

21. Betty King called 911, and Plaintiff was taken to Herrin Hospital by an ambulance.

22. Plaintiff was treated by Dr. Dale W. Kesl.

23. On information and belief, no remedial action has been taken against any officers from either the Herrin Police Department or Williamson County Sheriff's Department.

24. Law Enforcement officers have an affirmative duty to stop conduct such as that of Defendant Webb.

**CAUSES OF ACTION**

**COUNT 1 - DAMAGES FOR VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANT JAMES WEBB**

25. Paragraphs 1-24 are incorporated by reference.

26. Defendant Webb's violated Plaintiff's civil rights, while acting under the color of state.

27. Defendant Webb's actions were the proximate cause of Plaintiff's physical and emotional injuries.

28. Plaintiff was involuntarily in custody as he was handcuffed from behind and was seated in the squad car. In addition, Plaintiff had submitted to Defendant Webb's authority by being handcuffed.

29. The force used against Plaintiff by Defendant Webb was excessive under the circumstances.

30. Defendant actions against Plaintiff violate Plaintiff's civil rights and cause Defendant Webb to be in violation of 42 U.S.C Section 1983.

**COUNT 2- VIOLATION OF 42 U.S.C. SECTION 1983 BY DEFENDANT WILLIAMSON COUNTY SHERIFF'S DEPARTMENT**

31. Paragraphs 1-30 are incorporated by reference.

32. The failure by Williamson County Sheriff's Department, acting under the color of state law, to discipline Defendant Webb or any other officers by either suspensions, firings, retraining or other remedial action, suggests that this procedure of dealing with prisoners has become an accepted "custom".

33. This custom of the Williamson County Sheriff's Department is in violation of 42 U.S.C Section 1983.

**COUNT 3- VIOLATION OF 42 U.S.C.SECTION 1983 BY CITY OF HERRIN POLICE DEPARTMENT**

34. Paragraphs 1-30 are incorporated by reference.

35. The City of Herrin Police Department, acting under the color of state law, failed to prevent the violation of Plaintiff's civil rights.

36. The City of Herrin Police Department, acting under the color of law, failed to report Defendant Webb or

discipline the unknown officers who observed the violation of Plaintiff's civil rights.

37. The failure of the City of Herrin Police Department to prevent the acts by Defendant Webb and the failure to report Defendant Webb to the appropriate authority or discipline the unknown officers of the Herrin Police Department is a violation of 42 U.S.C. 1983.

**COUNT 4-VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT JAMES WEBB**

38. Paragraphs 1-30 are incorporated by reference.

39. Defendant James Webb, acting under the color of state law, conspired with other members of the Williamson County Sheriff's Department and members of the City of Herrin Police Department to deny Plaintiff's rights under the 4th, 5th, 6th, $8^{th,\ and}$ 14th Amendments of the United States Constitution, thus violating 42 U.S.C. Section 1985.

**COUNT 5- VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT WILLIAMSON COUNTY SHERIFF'S DEPARTMENT**

40. Paragraphs 1-30 are incorporated by reference.

41. Defendant the Williamson County Sheriff's

Department, acting under the color of state law, conspired with unknown members of the Williamson County Sheriff's Department and unknown members of the City of Herrin Police Department to deny Plaintiff his rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, thus violating Plaintiff's Civil Rights and 42 U.S.C 1985.

42. The conspiracy took place when unknown members of the Williamson County Sheriff's Department participated in a cover up of Defendant Webb's actions against Plaintiff on April 15, 2005.

**COUNT 6- VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT CITY OF HERRIN POLICE DEPARTMENT**

43. Paragraphs 1-30 are incorporated by reference.

44. Defendant the City of Herrin Police Department, acting under the color of state law, conspired with unknown members of the Williamson County Sheriff's Department and unknown members of the City of Herrin Police Department to deny Plaintiff the right to medical care, the right to counsel, and the unreasonable use of force in violation of the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, thus violating Plaintiff's Civil Rights as well as 42 U.S.C. 1985.

45. The conspiracy occurred when unknown members participated in a cover up to hide Defendant Webb's conduct against Plaintiff on April 15, 2005.

**COUNT 7- BATTERY AGAINST DEFENDANT JAMES WEBB**

46. Paragraphs 1-30 are incorporated by reference.

47. Plaintiff had been arrested and handcuffed from behind by Defendant James Webb, operating under the color of law at a traffic stop which was located at the corner of 7th and Polk Street in Herrin Illinois on or about April 15, 2005.

48. Defendant Webb pulled Plaintiff out of the squad car and began slamming his head on the hood of the car. In addition to this, Defendant Webb choked Plaintiff.

49. The striking of Defendant caused Plaintiff's injuries.

50. The touching was offensive.

51. Defendant Webb did not have permission or cause to touch Plaintiff.

52. As a result of the injuries sustained, Plaintiff has lost wages, endured pain, suffered disfigurement, and incurred medical expenses.

53. The striking of Plaintiff by Defendant Webb was the proximate cause of Plaintiff's damages.

**COUNT 8- BATTERY AGAINST THE DEFENDANT WILLIAMSON COUNTY SHERIFF'S DEPARTMENT**

54. Paragraphs 1-30 are incorporated by reference.

55. James Webb was employed by the Williamson County Sheriff's Department on April 15th 2005 and was acting within the scope of his employment when he grabbed Plaintiff and began beating him.

**COUNT 9- ASSAULT AGAINST THE DEFENDANT JAMES WEBB**

56. Paragraphs 1-30 are incorporated by reference.

57. Plaintiff had been arrested and handcuffed from behind by Defendant James Webb, operating under the color of law at a traffic stop which took place at the corner of 7th and Polk Street in Herrin Illinois on or about April 15, 2005.

58. Defendant Webb pulled Plaintiff out of the squad car and began slamming his head on the hood of the car. In addition to this, Defendant Webb choked Plaintiff.

59. Defendant Webb told Plaintiff he would be killed. Based on Defendant Webb's previous acts, Plaintiff feared that he would be killed.

60. As a result of Defendant's threat, Plaintiff suffered extreme emotional distress.

61. The actions against Plaintiff by Defendant Webb were the proximate cause of Plaintiff's damages.

**COUNT 10- VICARIOUS LIABILITY AGAINST THE DEFENDANT WILLIAMSON COUNTY SHERIFF'S DEPARTMENT FOR JAMES WEBB'S ASSAULT OF PLAINTIFF**

59. Paragraphs 1-30 are incorporated by reference.

60. James Webb was employed by the Williamson County Sheriff's Department on April 15th 2005 and was acting within the scope of his employment when he threatened the life of the Plaintiff.

**COUNT 11- VICARIOUS LIABILITY OF DEFENDANT WILLIAMSON COUNTY FOR JAMES WEBB'S ASSAULT AGAINST PLAINTIFF**

61. Paragraphs 1-30 are incorporated by reference.

62. James Webb was employed by the Williamson County Sheriff's Department on April 15th 2005 and was acting within the scope of his employment when he committed assault against Plaintiff.

63. The Williamson County Board makes the ultimate hiring decisions for the Williamson County Sheriff's Department.

64. The Williamson County Sheriff's Department reports to the Williamson County Board.

**COUNT 12- VICARIOUS LIABILITY OF DEFENDANT WILLIAMSON COUNTY FOR JAMES WEBB'S BATTERY AGAINST PLAINTIFF**

65. Paragraphs 1-30 are incorporated by reference.

66. James Webb was employed by the Williamson County Sheriff's Department on April 15th 2005 and was acting within the scope of his employment when he committed is unlawful actions against Plaintiff.

67. The Williamson County Board makes the ultimate hiring decisions for the Williamson County Sheriff's Department.

68. The Williamson County Sheriff's Department reports to the Williamson County Board.

**III. PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff, David Williams, prays this court enter judgment in his favor and against the Defendants as follows:

A. On Count 1 in that James Webb violated 42 U.S.C Section 1983 and award Plaintiff Five Million Dollars ($5,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 (b).

B. On Count 2 in that the Williamson County Sheriff's Department violated 42 U.S.C. Section 1983 in that the conduct of James Webb has become a governmental custom and award Plaintiff Five Million Dollars ($5,000,000) in

addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C. Section 1988 (b).

C. On Count 3 that unknown officers of the City of Herrin Police Department violated 42 U.S.C Section 1983 in that the failure of unknown officers who were present at the incident failed to prevent or attempt to prevent the actions of Defendant Webb and award Plaintiff Five Million Dollars ($5,000,000) in addition to any other damages the court deems appropriate, court costs, and attorneys fees, pursuant to 42 U.S.C. Section 1988(b).

D. On Count 4 in that James Webb conspired to deprive Plaintiff of his civil rights in violation of 42 U.S.C Section 1985 and award Plaintiff Five Million Dollars ($5,000,000) in damages in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988(b).

E. On Count 5 in that the Williamson County Sheriff's office conspired to deprive Plaintiff of his civil rights in violation of

42 U.S.C Section 1985 and award Plaintiff Five Million Dollars ($5,000,000) in damages in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C. Section 1988 (b).

F. On Count 6 in that the City of Herrin's Police Department conspired to deprive Plaintiff of his civil rights in violation of 42 U.S.C Section 1985 and award Plaintiff Five Million Dollars ($5,000,000) in damages in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C. Section 1988 (b).

G. On Count 7 in that James Webb unlawful action was the proximate cause of Plaintiff's injuries and awards Plaintiff the amount of Two Hundred Thousand Dollars ($200,000) in addition to any other damages the court deems appropriate and court costs.

H. On Count 8 in that the Williamson County Sheriff's Department is vicariously liable for James Webb unlawful actions which were the proximate cause of Plaintiff's injuries and award Plaintiff the amount of Two Hundred

Thousand Dollars ($200,000) in addition to any other damages the court deems appropriate, and court costs.

I. On Count 9 in that James Webb's unlawful acts were the proximate cause of Plaintiff's injuries and award Plaintiff the amount of Two Hundred Thousand Dollars ($200,000) in addition to any other damages the court deems appropriate and court costs.

J. On Count 10, in that the Williamson County Sheriff's Department is vicariously liable for James Webb's unlawful actions which were the proximate cause of Plaintiff's injuries and award the Plaintiff amount of Two Hundred Thousand Dollars ($200,000) in addition to any other damages the court deems appropriate and court costs.

K. On Count 11, in that Williamson County is vicariously liable for James Webb's unlawful actions which were the proximate cause of Plaintiff's injuries and award Plaintiff the amount of Two Hundred Thousand Dollars ($200,000) in addition to any other damages the court deems appropriate and court costs.

L. On Count 12, in that Williamson County is vicariously liable for James Webb's unlawful actions were the proximate cause of Plaintiff's injuries and award Plaintiff the amount of Two Hundred Thousand Dollars ($200,000) in addition to any other damages the court deems appropriate and court costs.

In addition to the above prayers for relief, Plaintiff asks the court to institute any remedies as the court may deem to be appropriate.

Respectfully submitted,

David Williams, Plaintiff

By: ______________________ 1/13/2006

Hugh Richard Williams, #6279510
The Williams Law Firm
611 E. Park #117
Carbondale, IL 62901-3804
618-303-3147
Email: hrw1997@gmail.com
Attorney for Plaintiff: David Williams

DATE